**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GAYLA SMITH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO.: 3:16-cv-374 |
| | § | |
| RICHARD WASHINGTON, | § | |
| CELADON TRUCKING SERVICES, INC. | § | |
| and JASON SMITH | § | |
| | § | |
| *Defendants*. | § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | Plaintiff's Original Petition with citation and Notice of Service of Process | 01/05/2016 |
| 2. | Defendant Celadon Trucking Services, Inc.'s Original Answer | 02/09/2016 |

Filed 1/15/2016 8:07:42 PM
Melanie Reed
District Clerk
Ellis County, Texas

COPY

Ellis County - District Clerk

CAUSE NO. _92974_____

| | | |
|---|---|---|
| **GAYLA SMITH** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **RICHARD WASHINGTON;** | § | **ELLIS COUNTY, TEXAS** |
| **CELADON TRUCKING SERVICES, INC.** | § | |
| **and JASON SMITH** | § | |
| | § | |
| **Defendants.** | § | 443RD ___ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **GAYLA SMITH** (hereinafter sometimes referred to as "Plaintiff") and files this, her Original Petition with Discovery Requests, complaining of Defendants **RICHARD WASHINGTON**, **CELADON TRUCKING SERVICES, INC.** and **JASON SMITH** and would show unto the Court as follows:

### I. SELECTION OF DISCOVERY LEVEL

1.1 Pursuant to Texas Rules of Civil Procedure, Plaintiff requests that discovery be conducted in accordance with Discovery Control Plan-Level 2.

### II. PARTIES

2.1 Plaintiff, GAYLA SMITH, (XXX-XX-0375) is an individual over the age of majority who resides in Ellis County, Texas.

2.2 Defendant Celadon Trucking Services, Inc. is an out-of-state corporation, licensed to do business in Texas, with its principal place of business in Indianapolis, Indiana, and may be served with process via certified mail, return receipt requested, through its registered agent at the

**TAB 1**

following address:    National Corporate Research, Ltd. 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

2.3 Defendant, Richard Washington, is an individual who resides at 2624 Delaware Street, Texarkana, Arkansas 71654. He may be served with process at said address via certified mail, return receipt requested.

2.4 Defendant, Jason Smith, is an individual who resides at 323 Old Highway 287, Waxahachie, Texas 75165.   He may be served with process at said address via certified mail, return receipt requested.

### III. JURISDICTION & VENUE

3.1 The Court has continuing jurisdiction over Defendants, because Defendant is a Texas resident, or have a principal place of business in Texas, and the incident made the basis of this lawsuit occurred in Ellis County, Texas. The Court has jurisdiction over the subject matter, because the damages are within the statutory jurisdictional limits of the Court.

3.2 Venue is proper in Ellis County, Texas, since the incident made the basis of this lawsuit occurred in Ellis County, Texas.

### IV. FACTS

4.1 This lawsuit results from a collision that occurred on or about January 30, 2014, on Highway 77, at or near the intersection of Northgate Drive, in Waxahachie, Ellis County, Texas. Plaintiff Gayla Smith was a passenger in a vehicle driven by Jason Smith and stopped at the stop light on Highway 77 when suddenly and without warning, Defendant Richard Washington, operating a 18-wheeler owned and/or controlled by Defendant Celadon Trucking Services, Inc., collided with Plaintiff's vehicle.

4.2 As a result the collision of the 18-wheeler being driven by Defendant Richard

Washington, Plaintiff suffered severe bodily injuries and damages.

4.3 This accident was investigated by Officer William Kimsey with the Waxahachie Police Department who determined Defendant Richard Washington failed to properly turn his vehicle at the time of this incident.

## V. NEGLIGENCE AND/OR NEGLIGENCE PER SE OF DEFENDANT CELADON TRUCKING SERVICES, INC.

5.1 Defendant Celadon Trucking Services, Inc. violated numerous federal and state statutes designed to protect and safeguard the motoring public, including Plaintiff, and Defendant Celadon Trucking Services, Inc. is therefore liable for negligence and/or negligence *per se*. Such acts and/or omissions were a proximate cause of the damages in question.

5.2 At such time, Defendants Celadon Trucking Services, Inc. knew or should have known that Defendant Washington was incompetent, unfit, and/or inadequately trained to safely operate a truck/tractor semi-trailer on public streets and highways in that Defendant Washington was reckless at the time of this incident.

5.3 At such time, Defendants Celadon Trucking Services, Inc. knew, or in the exercise of due care, should have known that Defendant Washington was an incompetent driver and would create an unreasonable risk of danger to persons or property on public streets and highways in Texas.

5.4 By way of example only, Defendants Celadon Trucking Services, Inc. violated at least the following:

> (a) 49 C.F.R. 383.111 (failure to ensure that its employee in this case had the required knowledge of vehicle operation);
>
> (b) 49 C.F.R. 383.113 (failure to ensure that its employee in this case had the required skills in vehicle operation);

(c) 49 C.F.R. 390.3 (failing to ensure that its employee in this case had the knowledge of and compliance with the regulations);

(d) 49 C.F.R. 390.11 (failing to ensure that its employee in this case observed appropriate regulations);

(e) 49 C.F.R. 392.1 (failing to properly instruct and/or ensure compliance with regulations by its employee in this case);

(f) 49 C.F.R. 392.2 (failing to ensure that its employee in this case operated the company vehicle in accordance with the applicable law); and

(g) 49 C.F.R. 390.13 (aiding and abetting tortious conduct).

5.5 The conduct of Defendant Celadon Trucking Services, Inc. in this case was negligence and/or negligence *per se* resulting in damages to Plaintiff.

5.6 Defendant Celadon Trucking Services, Inc. are also liable for Plaintiff's damages under the doctrine of *Respondeat Superior* as Defendant Washington was driving in the course and scope of his employment as defined by the Federal Motor Vehicle Carrier Safety Regulations, including 49 C.F.R. §390.5. Defendant Washington was also a statutory employee of Celadon Trucking Services, Inc. at the time of the collision made the basis of this lawsuit under the Federal Motor Carrier Safety Regulations.

## VI. NEGLIGENCE AND/OR NEGLIGENCE PER SE OF DEFENDANT WASHINGTON

6.1 On or about January 30, 2014, Defendant Washington was liable for one or more of the following acts of negligence and/or negligence *per se*, among others, which proximately caused the collision in question and the injuries and damages sustained by the Plaintiff. Defendant Washington owed a duty to Plaintiff to operate his vehicle in a reasonable and prudent manner and he failed to do so. His negligent acts and/or omissions include, but are not limited to, the following:

a. Failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b. Failing to timely apply the brakes to his motor vehicle in order to avoid the collision;

c. Failing to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

d. Failing to remain reasonably attentive to the traffic and other conditions existing on the roadway as a reasonably prudent person would have been under the same or similar circumstances;

e. Driving his vehicle at a rate of speed which was greater than that which an ordinary and prudent person would have driven under the same or similar circumstances;

f. Failing to maintain proper following distance;

g. Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

h. Failing to maintain a knowledge and understanding of state and federal motor vehicle carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;

i. Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. 383.111;

j. Failing to have required skills in vehicle operation in violation of 49 C.F.R. 383.113;

k. Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. 390.3;

l. Failing to be properly instructed in and/or comply with Federal Motor Vehicle Carrier Safety regulations in violation of 49 C.F.R. 392.1;

m. Failing to operate his vehicle and equipment in violation of 49 C.F.R. 392.2;

n. Failing to meet general qualifications in violation of 49 C.F.R. 394.11;

o. Operating a vehicle while in a condition likely to cause an collision in violation of 49 C.F.R. 396.7;

p. Failing to safely operate his equipment;

q. Failing to warn Plaintiff of the impending collision in violation of Section 547.501 of the Texas Transportation Code; and

r. Operating his vehicle in violation of Section 545.060 (a) (1) and (2) of the Texas Transportation Code.

6.2 All of the above acts and/or omissions, individually or in combination, were a proximate cause of the injuries and damages sustained by Plaintiff.

6.3 These acts by Defendant Washington constituted negligence and/or negligence *per se* for which Defendant Washington should be held liable for Plaintiff's damages, and created liability for Celadon Trucking Services, Inc.

## VII. GROSS NEGLIGENCE OF DEFENDANT WASHINGTON

7.1 Defendant Washington acted recklessly. Such conduct, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendant Washington had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff. Defendant Washington is liable for gross negligence as that term is defined in law.

## VIII. POTENTIAL NEGLIGENCE OF DEFENDANT JASON SMITH

8.1 On or about January 30, 2014, Defendant Jason Smith may have been negligent in failing to pay attention to the roadway and/or failing to take proper evasive action.

8.2 Any negligence of Defendant Jason Smith may have been a much smaller proximate cause of the injuries and permanent damages suffered by Plaintiff.

## IX. CAUSATION

9.1 These acts and/or omissions by the Defendants, singularly or in any combination, were a proximate cause of the collision and the damages suffered by Plaintiff.

## X. DAMAGES

10.1 As a proximate result of Defendants' negligence, if there was negligence on the part of Defendants named herein, Plaintiff suffered severe and permanent injuries, although the causation from Defendant Jason Smith was much, much less than the other Defendants.  These injuries include, among other things, surgery to repair her pacemaker.

10.2    As a proximate cause of the Defendant's negligence in causing this incident in question, Plaintiff has suffered the following damages:

a.    Mental anguish in the past; and mental anguish that, in reasonable probability, will be sustained in the future;

b.    Physical pain sustained in the past; and physical pain that, in reasonable probability, will be sustained in the future;

c.    Physical impairment in the past; and physical impairment that, in reasonable probability, will be sustained in the future;

d.    Medical care in the past; and medical care that, in reasonable probability, will be sustained in the future;

e.    Loss of earning capacity in the past; and loss of earning capacity that, in reasonable probability, will sustain in the future; and

f.    Property damages, including the value of his vehicle and damages for loss of use.

## XI.
## DISCOVERY REQUESTS

11.1    Pursuant to Rule 194, request is made that Defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rules of Civil Procedure, 194.2 (a)-(l).  Further, Plaintiff has submitted Interrogatories, Request for Production and Admissions with the filing of this petition and Plaintiff requests Defendant respond to said discovery in accordance with the T.R.C.P.

PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY REQUESTS

11.2    Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendant has in his possession, custody, or control and may be used to support his claim or defenses.

11.3    Plaintiff hereby requests that you maintain and not remove or delete any and all writings, messages, tests, electronic mail, instant messages, pictures or other information that in any way references or depicts the subject incident which are or have been posted on the websites of MySpace, Facebook, Twitter, or any other social network.

## XII.
## STATEMENT CONCERNING CLAIM FOR RELIEF PURSUANT TO TRCP 47

12.1    Pursuant to T.R.C.P. Rule 47, each Plaintiff hereby seeks monetary relief over $200,000.00 but not more than $1,000,000.00 and judgment for all the other relief to which the Plaintiff is entitled. This statement is made for purposes of meeting the requirement of Rule 47 and not for argument to the jury. The monetary relief actually, awarded will ultimately determined by the jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant be cited to appear and answer herein, and upon final trial hereof, the Plaintiff have judgment of and from the Defendant as follows:

1. Judgment for Plaintiff's individual damages are in excess of the minimum jurisdictional limits;

2. Prejudgment interest on Plaintiff's damages at the highest rate allowed by law;

3. Costs of court;

4. Interest on said judgment at a legal rate from the date of judgment; and

PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY REQUESTS

5.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted

JENKINS & JENKINS, P.C.



CLAY LEWIS JENKINS
State Bar No. 10617450
STEPHEN L. DANIEL
State Bar No. 24096436

516 West Main Street
Waxahachie, Texas 75165
Phone: 972/938-1234
Fax: 972/938-7676
Email: Stephen@clayjenkins.com

ATTORNEYS FOR PLAINTIFF



**THE STATE OF TEXAS**
**COUNTY OF ELLIS**
CAUSE NO: 92974
**CITATION**

TO:    CELADON TRUCKING SERVICES, INC.
       REG AGENT, NATIONAL CORPORATE RESEARCH, LTD.
       206 E. 9TH ST, STE 1300
       AUSTIN, TX 75701

Defendant, in the hereinafter styled and numbered cause: 92974

You are hereby commanded to appear before 443RD JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **92974** styled

**SMITH, GAYLA**
**-VS-**
**WASHINGTON, RICHARD,**
**CELADON TRUCKING SERVICES, INC.**
**AND SMITH, JASON**

Filed in said court on the 01/15/2016

The name and address of the attorney for plaintiff, or the address of the plaintiff is: STEPHEN L DANIEL, 516 W. MAIN ST, WAXAHACHIE, TX 75165.

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 21st day of January, 2016.

**Melanie Reed, District Clerk**
**109 S. Jackson Street Rm. 209**
**Waxahachie, TX 75165**

**SEAL**

By _Mary Hinds_
     Mary Hinds, Deputy

**NCR NATIONAL CORPORATE RESEARCH, LTD.**
The Right Response at the Right Time, Every Time.

**Notice of Service of Process**

SP380404
Page 1 of 1

Dover, DE • Los Angeles • Sacramento • Springfield, IL • Albany • New York

**850 New Burton Road, Suite 201, Dover, Delaware 19904**
**(302) 734-1450  Toll Free (866) 621-3524**
**Fax (800) 253-5177  Email: sop@nationalcorp.com**

**DATE:**  January 26, 2016
**TO:**  Dennis Elschide
Celadon Group, Inc.
9503 E. 33rd Street
Indianapolis, IN 46235

**SENT VIA:**
☑ Email
☑ Federal Express
☐ Fascimile Transmission
☐ Other:
Tracking Number:
775490184002

**RE:**  SERVICE OF PROCESS:
**CELADON TRUCKING SERVICES, INC.**

--------------------------------------------------

The enclosed Service of Process was received by the statutory agent in: **Texas**
on the date of: **January 25, 2016**
received via: **Certified Mail**

TITLE OF ACTION:  Gayla Smith vs. Richard Washington, et al; Party Served: CELADON TRUCKING SERVICES, INC.

COURT AND CASE NO:  Judicial District, Ellis County, TX

Case No.  92974
Citation and Plaintiff's Original Petition

RESPONSE REQUIRED BY:  Please see documents
NOTE:

Sincerely,

*Andrew A. Lundgren*

Andrew Lundgren, Manager - Registered Agent Services
--------------------------------------------------

Please carefully review the document referenced above to confirm all information, including the Response Date, for accuracy. The information noted above is provided based on our review and is not a legal opinion.
**PLEASE CONSULT THE SERVICES OF A COMPETENT PROFESSIONAL ATTORNEY.**

Filed 2/9/2016 11:55:35 AM
Melanie Reed
District Clerk
Ellis County, Texas

CAUSE NO.: 92974

| | | |
|---|---|---|
| GAYLA SMITH | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 443rd JUDICIAL DISTRICT |
| | § | |
| | § | |
| RICHARD WASHINGTON; | § | |
| CELADON TRUCKING SERVICES, INC. | § | |
| and JASON SMITH | § | ELLIS COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CELADON TRUCKING SERVICES, INC., a Defendant in this action, and files this Original Answer to Plaintiff's Original Petition. In support thereof, Defendant would show this Court the following:

### I.
### GENERAL DENIAL

1.       As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of the credible evidence.

### II.
### AFFIRMATIVE DEFENSES

2.       Defendant pleads it is entitled to submission and consideration of Plaintiff's recovery of medical or health expenses incurred, and that said damages awarded by the jury should be limited to the amount actually paid or incurred by or on behalf of Plaintiff in accordance with C.P.R.C. Section 41.0105 [Evidence Relating to Amount of Economic Damages].

---

**TAB 2**

3.      Defendant further asserts application of Texas Civil Practice & Remedies Code Section 18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a *net loss* after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal or state income taxes.

4.      An award of exemplary damages would be improper, because it would be grossly excessive or arbitrary, and would violate the Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution art. I, § 19.

5.      An award of exemplary damages would be improper, because it would be wholly or partly compensatory, and would constitute a double recovery by Plaintiff for the same alleged damages.

6.      Defendant would show that Texas law places a limitation or "cap" on the exemplary damages or statutory damages which Plaintiff seeks.  Plaintiff's claims for punitive damages are limited to: (1)(a) two times the amount of economic damages, plus (b) an amount equal to any non-economic damages, not to exceed $750,000; or (2) $200,000, whichever is greater.  TEX. CIV. PRAC. & REM. CODE § 41.008(b).

7.      Defendant would show that even if Plaintiff is entitled to an award of exemplary damages, which Defendant denies, any such award must be limited to a single-digit multiplier of actual or compensatory damages in order to comport with the requirements of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and Texas Constitution art. I, §§ 3, 13.

## DEMAND FOR JURY TRIAL

8.      Defendant asserts it right to a trial by jury under Texas Constitution Article 1, section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.

## PRAYER

WHEREFORE, Defendant prays for a take nothing judgment, for all costs and for other and further relief, general or special, at law or in equity, to which Defendant may be entitled.

## REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Defendant files its Requests for Disclosure.  These Disclosures are to be answered not later than 30 days from the filing of Defendants' Original Answer.

Respectfully submitted,

**GAUNTT, KOEN, BINNEY, WOODALL & KIDD, L.L.P.**

*/s/ Robert J. Collins*

**ROBERT J. COLLINS**
State Bar No. 24031970
*Robert.Collins@gkbwklaw.com*

14643 Dallas Parkway, Suite 500
Dallas, Texas 75254
(972) 630-4620
(972) 630-4669 – Fax

**ATTORNEY FOR DEFENDANT**
**CELADON TRUCKING SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was forwarded to

the following counsel of record pursuant to the Texas Rules of Civil Procedure, as indicated below,

on this the 9<u>th</u> day of February, 2016.


**<u>Via Facsimile # (972) 938-1234</u>**
Mr. Stephen L. Daniel
Jenkins & Jenkins, P.C.
516 West Main Street
Waxahachie, Texas 75165


<u>      */s/ Robert J. Collins*                 </u>
**ROBERT J. COLLINS**