UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GAYLA SMITH,                    ) | |
| ) | |
| Plaintiff,           ) | |
| ) | CIVIL ACTION NO. |
| VS.                             ) | |
| ) | 3:16-CV-0374-G |
| RICHARD WASHINGTON, ET AL.,     ) | |
| ) | |
| Defendants.          ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Gayla Smith, to remand this case to the state court from which it was previously removed (docket entry 9). In its response to the plaintiff's motion to remand, defendant Celadon Trucking Services, Inc. ("Celadon") conceded that it waived its right to removal under 28 U.S.C. § 1446(b) when it unknowingly removed the case without defendant Jason Smith's consent. Celadon's Response to Motion to Remand ("Response") at 1-2 (docket entry 12).

The plaintiff seeks costs, expenses and attorney's fees incurred as a result of "Celadon's improper removal of this case." Motion to Remand at 8 (docket entry 9).

The Fifth Circuit has stated that "[t]he application of [28 U.S.C.] § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In other words, in determining whether to grant the plaintiff's request for attorney's fees, the court must determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* While Celadon did not double-check with the Ellis County District Court clerk's office on February 10, 2016, Celadon asked the clerk's office on February 8, 2016 whether any citations had been returned to the court and whether any answers had been filed. Response at 1. At the time of removal, Celadon did not know that defendant Jason Smith had filed his answer. *Id.* Celadon's failure to contact the clerk's office after February 8, 2016 led to the waiver of its right to removal, which Celadon admits. *Id.* at 1-2. Yet, Celadon's admission and concession illustrate to the court that its removal of this action was not in bad faith. The plaintiff's request, pursuant to 28 U.S.C. § 1447(c), for costs, expenses and attorney's fees caused by removal is **DENIED**. See *Valdez*, 199 F.3d at 292 (recognizing that the statute clearly vests district courts with discretion in awarding costs, expenses and attorney's fees).

The plaintiff's motion to remand is **GRANTED**. Accordingly, this case is **REMANDED** to the **443rd Judicial District of Ellis County, Texas**. The clerk

shall mail a certified copy of this memorandum opinion and order to the district clerk of Ellis County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

March 31, 2016.

                                        /s/ A. Joe Fish
                                        **A. JOE FISH**
                                        **Senior United States District Judge**